UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cr-80076-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KEVIOUS JACKSON,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE MOTION TO REDUCE SENTENCE

This cause comes before the Court upon Defendant Kevious Jackson's ("Jackson") Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i). DE 558. Jackson seeks release from prison in light of the COVID-19 pandemic. He presently is serving a 56-month sentence for conspiracy to possess with intent to distribute 500 grams or more of cocaine. *See* DE 534. The Court has carefully reviewed Jackson's Motion for a Reduction of Sentence, the Government's Response thereto [DE 563], and the record and is otherwise fully advised in the premises. For the reasons set forth below, Jackson's Motion is denied without prejudice.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii)(I). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the application note. *Id.* § 1B1.13, application note 1(D). The Court must also consider whether the defendant is a danger to community safety. *Id.* § 1B1.13(2).

The Government contends that Jackson has failed to demonstrate that he exhausted administrative remedies before filing his Motion to Reduce Sentence because he has not shown that he complied with the full appeal process after the Warden of FCI Coleman – Medium, the prison in which Jackson is confined, denied his request for compassionate release. The Court need not resolve the issue of whether Jackson exhausted administrative remedies because, in any event, the Court concludes that a sentence reduction is inappropriate.

2

Jackson is 42 years' old.  As the basis for a sentence reduction, he states that he suffers from hypertension, asthma, and high cholesterol.  He asserts that he is therefore particularly vulnerable to complications from COVID-19.  The Center for Disease Control has identified hypertension and moderate-to-severe asthma as underlying medical conditions that might cause a person to be at an increased risk for severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited July 14, 2020).

Jackson has provided no evidence to indicate the seriousness of his medical conditions, nor has he provided evidence to indicate that his conditions are not being effectively managed in the prison system.  While the Court is sympathetic to the health challenges that he identifies in his Motion, the Court cannot conclude from this record that he suffers from a serious medical condition that substantially diminishes his ability to provide self-care within the prison environment.  *See* U.S.S.G. § 1B1.13 (policy statement), application note 1(A)(ii)(I).

The Court has also considered the sentencing factors in 18 U.S.C. § 3553(a) and the risk that Jackson poses a danger to the safety of others and concludes that a sentence reduction is not warranted.  *See* 18 U.S.C. § 3553(a); *id.* § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence); U.S.S.G. § 1B1.13(2) (requiring a court to consider whether the defendant is a danger to community safety).  The Court specifically notes that the 70-month sentence that the Court imposed in November 2018 was at the bottom of the guideline range and that the sentence was later further reduced to 56 months after the Government moved for a sentence reduction under Fed. R. Crim. P. 35.  *See* DE 379; DE 525;

3

DE 534.  The Court also takes note of Jackson's significant criminal history, including multiple felony convictions for crimes involving violence and/or firearms.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Defendant Kevious Jackson's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) [DE 558] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 14th day of July, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant, Counsel of Record